Kimberly G. Dennis; AZ Bar No. 029783
kdennis@littler.com
LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016
Telephone: 602.474.3600
Facsimile: 602.957.1801

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tony Kennett, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Ahern Rentals, Inc., a Nevada corporation,<br><br>Defendant. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 (Diversity),**<br><br>(Removed from Maricopa County Superior Court, Case No. CV2022-095187) |

**TO: CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA**

Defendant Ahern Rentals, Inc. ("Defendant" or "Ahern") removes this action from Maricopa County Superior Court to this Court in accordance with 28 U.S.C. §§ 1332, 1446 and LRCiv 3.6.

In support of this Notice of Removal, Defendant states the following:

1. On November 28, 2022, Plaintiff Tony Kennett ("Plaintiff") filed a Complaint in the Superior Court of Arizona, Maricopa County, styled *Tony Kennett, an individual vs. Ahern Rentals, Inc., a Nevada corporation*, Case No. CV2022-095187. Specifically, the Complaint purports to assert a claim under the Arizona Employment Protection Act. A true and correct copy of the Complaint is attached to this Notice of Removal as **Exhibit 1**.

2. On December 2, 2022, Plaintiff sent Defendant (through counsel) a copy of the

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

state court Summons, Certificate of Compulsory Arbitration, and Complaint upon the agreement that Defendant accept service of process. On December 6, 2022 Defendant executed the acceptance of service and sent it to Plaintiff's counsel. A true and correct copy of all process, pleadings, and orders in the State Court Action are being filed with this Notice as required by 28 U.S.C. § 1446(a) and are attached as **Exhibit 2**.

3. Accordingly, Defendant has filed this Notice of Removal within 30 days after service of the initial pleading setting forth a removable claim and it is timely filed under 28 U.S.C. §1446(b). Specifically, the defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons. 28 U.S.C. §1446(b)(2)(B).

## Diversity Jurisdiction

4. This Court has original jurisdiction over the action under 28 U.S.C. § 1332 and removal jurisdiction under 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states. Defendant Ahern is now, and was at the time this action commenced, diverse in citizenship from Plaintiff.

5. Specifically, Plaintiff is presently domiciled in Maricopa County, Arizona and was domiciled there at the time this action commenced. *See* Complaint, p. 1. Plaintiff was at that time, and is now, a citizen of the State of Arizona. *Id.*

6. Defendant is not, nor was at the time the suit commenced, a citizen of the State of Arizona. *See* Declaration of Sami Bakdash, ("Bakdash Dec.") attached hereto as **Exhibit 3**.

7. Pursuant to 28 U.S.C. § 1332(c)(1), Ahern Rentals, Inc., is a citizen of the state where it is incorporated and in the state where it maintains its principal place of business. Ahern Rentals, Inc., is incorporated in Nevada and has its principle place of business in Clark County, Nevada. (Bakdash Dec.¶3)

8. The Supreme Court has concluded that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 (2014); "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-2-

contests, or the court questions, the defendant's allegation." *Id.*; *see also Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "In measuring the amount in controversy, a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Forever Living Products v. Geyman*, 471 F.Supp.2d 980 (D. Ariz. 2006).

9. Plaintiff's Complaint alleges a claim for violation of the Arizona Employment Protection Act, A.R.S. § 23-1502. (*see* Complaint, ¶¶ 19-24). Plaintiff seeks damages for lost wages, emotional distress, punitive damages, treble damages., costs and attorneys' fees, (*see* Complaint, ¶ 24 and Prayer for Relief). Pursuant to Arizona Rule of Civil Procedure 26.2, said Complaint alleges the Tier it should be assigned to had it remained in state court, and Plaintiff alleged this should be a Tier 2 case. (*see* Complaint, ¶ 7) Tier 2 actions are for those claiming more than $50,000 and less than $300,000 in damages. Ariz. R. Civ. P. 26.2(c)(3)(B). Thus, Plaintiff's Complaint alleges a minimum of $50,000 in damages alone. Plaintiff's claims for non-economic damages such as emotional distress are also properly tallied as part of the jurisdictional calculation. See *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Potential punitive damages award must be taken into consideration for purposes of determining the amount in controversy where such damages are recoverable. *Davenport v. Mut. Benefits Health and Accident Ass'n,* 325 F.2d 785, 787 (9th Cir. 1963). A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). Collectively, this could entitle Plaintiff to a recovery in excess of $75,000. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (considering punitive damages in determination of amount in controversy). Further, Plaintiff's Complaint seeks attorneys' fees. Accordingly, Plaintiff's alleged damages easily exceed the $75,000 amount in controversy threshold

10. Plaintiff also seeks such open-ended relief for "[a]ny and all other legal and equitable relief the Court deems just and proper." (Prayer for Relief ¶ F.) Although uncertain

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-3-

in amount, these additional damages claims only serve to increase the amount in controversy. See *Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004) ("open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met amount in controversy requirement even though she plead in the complaint that she did not assert claim in excess of $75,000.)

11. Ahern Rentals, Inc., employed Plaintiff through August 18, 2022 and, at the time of his separation, Plaintiff averaged a weekly gross pay of $2,282 per week, compromised of $30/hr with an average of 23 hours of overtime a week. *See* Declaration of Sarah Blessum ("Blessum Dec.", ¶4), attached hereto as **Exhibit 4.**

12. Plaintiff also affirmatively asserted to the Superior Court that the case is not subject to mandatory arbitration, indicating that the largest award sought by him – excluding interest, attorneys' fees and costs – exceeds the $50,000 threshold for mandatory arbitration in Maricopa County. *See* Certificate of Compulsory Arbitration, attached hereto as **Exhibit 5**. Thus, Plaintiff seeks at least $50,000 in damages before considering his claimed attorneys' fees. *Id.*

13. Venue of this Action exists in this District pursuant to 28 U.S.C. § 1441(a) because the Superior Court is located within the District.

14. Defendant has complied with the notice required under 28 U.S.C. § 1446(d), having served Plaintiff with a copy of the Notice to Adverse Party of Removal of Civil Action to Federal Court (a copy of which is attached as **Exhibit 6**), and filed the Notice to State Court of Removal of Civil Action in the Superior Court of Maricopa County, Arizona, (a copy of which is attached as **Exhibit 7**).

15. In sum, although Ahern Rentals does not concede Plaintiff's claims have any merit, based on the above information, it is certain that the amount in controversy for Plaintiff's claims more than exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs. Thus, this Court has original jurisdiction over the claims asserted by

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-4-

Plaintiff in the State Court Action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

DATED this 12th day of December, 2022.

/s/ *Kimberly Dennis*
Kimberly G. Dennis
LITTLER MENDELSON, P.C.
*Attorneys for Defendant*

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, U.S. Mail, Certified U.S. Mail Return Receipt Requested and Email to the following if non-registrants, this 12th day of December, 2022.

Thomas Brown
Ernst, Brown & Draper, PLLC
3303 E. Baseline Road, Suite 101A
Gilbert, AZ 85234
tbrown@ebdlawyers.com

*Attorney for Plaintiff*

/s/ *Brooke Williamson*
4865-6485-9201.1 / 099283-1084

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-5-