# EXHIBIT 1

Case 2:22-cv-02099-JJT   Document 1-3   Filed 12/12/22   Page 2 of 6

Clerk of the Superior Court
\*\*\* Electronically Filed \*\*\*
D. Hill, Deputy
11/28/2022 12:32:48 PM
Filing ID 15180768

**E B D**
ERNST | BROWN | DRAPER

Thomas Brown (031017)
Ernst, Brown & Draper, PLLC
3303 E. Baseline Road, Suite 101A
Gilbert, AZ 85234
tbrown@ebdlawyers.com
602-324-9644
*Attorney for the Plaintiff*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| Tony Kennett, an individual, | Case No: **CV2022-095187** |
| Plaintiff, | |
| vs. | |
| Ahern Rentals, Inc., a Nevada corporation, | **COMPLAINT** |
| Defendant. | |

Plaintiff Tony Kennett, by and through undersigned counsel, hereby seeks relief in this Complaint against Defendant Ahern Rentals, Inc. as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, at all relevant times to the matters alleged herein, is an individual and resident of Arizona and resides in Maricopa County, Arizona.

2. Ahern is a Nevada corporation authorized to do business in and doing business in Maricopa County, Arizona.

3. The facts and events giving rise to this Complaint occurred in Maricopa County, Arizona.

4. At all times relevant herein, Plaintiff was an employee of Ahern and worked for Ahern located in Arizona.

5. This Court has jurisdiction over this action pursuant to A.R.S. § 12-123 and the Arizona Constitution Article VI § 14.

6. Venue is proper before this Court pursuant to A.R.S. § 12-401.

7. The estimated value of Plaintiff's claim is more than $50,000 but less than $300,000, and thus this case is appropriate for a "Tier 2" designation under Rules 8(b) and 26.2 of the Arizona Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

8. In August 2022, Plaintiff was working for Ahern.

9. On or about August 17, 2022, Plaintiff reported an issue to a manager regarding his difficulty in getting access at a work site.

10. The manager advised Plaintiff to raise the issue with Mathew Gregory, a sales manager. Plaintiff told the manager that he had already advised Mr. Gregory of the issue.

11. Mr. Gregory was in an adjacent room and heard the conversation between the Plaintiff and manager.

12. Immediately upon hearing Plaintiff state that Plaintiff had already informed Mr. Gregory of the issue, Mr. Gregory came out of his office and walked towards the Plaintiff and manager and began yelling at Plaintiff and putting his finger in Plaintiff's face.

2

13. Mr. Gregory was completely out of control and threw his cell phone at the wall, putting a hole in the office wall.

14. Mr. Gregory's actions made Plaintiff feel physically threatened. Because Plaintiff was concerned for his safety, he immediately reported the incident to Ralph Green and Office Manager, Tyler Roth.

15. It is believed that Mr. Green and Mr. Roth have a friendly relationship with Mr. Gregory and it quickly became apparent to Plaintiff that Mr. Green and Mr. Roth were more concerned with protecting Mr. Gregory than they were with preventing or dealing with an assault at the workplace.

16. After the incident with Mr. Gregory and making a report to Mr. Green and Mr. Roth, Plaintiff continued working the remainder of that day.

17. On August 18, 2022, Plaintiff returned to work, but before he could start and was told to meet with Service Manager Larry Jameson and Office Manager, Tyler Roth.

18. Plaintiff was advised by Mr. Jameson and Mr. Roth that his employment with Ahern was terminated.

## COUNT I

## VIOLATON OF THE ARIZONA EMPLOYMENT PROTECTION ACT

19. Plaintiff repeats and realleges the previous paragraphs as though set forth fully herein.

20. Plaintiff was an employee of the Defendant and Defendant was Plaintiff's employer.

3

21. Plaintiff had a reasonable belief that Mr. Gregory violated A.R.S. 13-1203 which makes it a crime for a person to "[i]ntentionally plac[e] another person in reasonable apprehension of imminent physical injury."

22. Plaintiff reported his reasonable belief that Mr. Gregory violated A.R.S. 13-1203 to a manager of the Defendant.

23. Plaintiff's employment was terminated by Defendant in retaliation for Plaintiff reporting the violation of Arizona state statute.

24. As a direct result of Defendant's conduct, Plaintiff has suffered damages in an amount to be proven at trial, including damages for lost wages, emotional distress, and punitives.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, prays that judgment be entered against Defendants and that the Court award the following relief including but not limited to:

A. An Order awarding, declaring or otherwise providing Plaintiff all other such injunctive, equitable and legal relief to which Plaintiff is or may be entitled whether or not specified herein;

B. An Order declaring that Defendants have violated Arizona Employment Protection Act;

C. For unpaid wages and other amounts sufficient to compensate Plaintiff for damages incurred;

D. Judgment for Plaintiff against Defendants for treble damages as set forth in Ariz. Rev. Stat. § 23-355;

E. An Order awarding Plaintiff reasonable attorneys' fees along with costs pursuant;

F. Any and all other legal and equitable relief the Court deems just and proper.

4

**RESPECTFULLY SUBMITTED** this 28th day of November 2022.

                                        /s/Thomas Brown
                                        Thomas Brown
                                        *Attorney for Plaintiff*

ORIGINAL of the foregoing E-filed through AZTurboCourt this 28th day of November 2022, with:

Clerk of the Court
For the United States District Court
for the County of Arizona



5